In re Assessment of Taxes by Boone County in the Fiscal Year of 1973-1974.
Leo T. Corcoran et al., appellants and cross-appellees, v. The Boone County Board of Equalization, appellee and cross-appellant, School District of the City of St. Edward, County of Boone, State of Nebraska, intervener-appellee and cross-appellant.

243 N. W. 2d 60

Filed June 9, 1976. No. 40494.

George H. Moyer, Jr., of Moyer, Moyer & Egley, for appellants.

Larry D. Bird of Brower, Treadway & Bird, for appellee and intervener-appellee.

Heard before White, C. J., Spencer, Boslaugh, McCown, Newton, Clinton, and Brodkey, JJ.

Spencer, J.

The sole question involved herein is whether section 79-801.02, R. R. S. 1943, is applicable to school district boundary changes under section 79-402, R. R. S. 1943. The trial court held it was. We disagree and reverse.

On June 15, 1971, the Boone County school superintendent determined that School District No. 11 should be dissolved and the land therein attached to the School District of the City of St. Edward, hereinafter referred to as School District No. 17. Leo T. Corcoran and Ray-

mond E. Swanson, hereinafter referred to as taxpayers, prosecuted an appeal from that action. On July 6, 1973, the District Court for Boone County, pursuant to a stipulation, sustained the action of the school superintendent dissolving School District No. 11, and attaching the land therein to School District No. 17.

On August 29, 1973, the Boone County board of equalization adopted a mill levy of 49.60 for operation, and 8.92 for bond retirement. Taxpayers appealed that action to the District Court, contending, because section 79-801.02, R. R. S. 1943, applied, the consolidation of the two schools for tax purposes could not be effective until June 15, 1974. Section 79-801.02 reads as follows: "Whenever an existing school district, or a part thereof, is merged into a Class III school district *under the provisions of section 79-801,* such merger shall be effective on June 15 of the year following the first full school year after such merger." (Emphasis added.)

Section 79-801, R. R. S. 1943, reads as follows: "The territory embraced within the corporate limits of each incorporated city or village in the State of Nebraska, *together with such additional territory and additions to such city or village as may be added thereto, as declared by ordinances to be boundaries of such city or village, having a population of more than one thousand and not more than fifty thousand inhabitants, including such adjacent territory as now is or hereafter may be attached for school purposes, shall constitute a school district of the third class* and be known by the name of The School District of (name of city or village), in the county of (name of county), in the State of Nebraska. As such in that name, the district shall be a body corporate and possess all the usual powers of a corporation for public purposes, and in that name and style may sue and be sued, purchase, hold, and sell such personal and real estate, and control such obligations as are authorized by law. The title to all school buildings or other property, real or personal, owned by any school

district within the corporate limits of any city or village, shall, upon the organization of the district, vest immediately in the new district; and the board of education of the new district shall have exclusive control of the same for all purposes herein contemplated; Provided, that where the territory annexed by a change of boundaries of such city has been part of a Class III, IV, or V school district for more than one year prior thereto, having been annexed by petition, a merger of the area annexed with the Class III school district shall not become effective unless a majority of the board of education of such Class III, IV, or V district within ninety days after the effective date of the city annexation ordinance shall vote in favor of the merger." (Emphasis added.)

Section 79-801 and 79-801.02, R. R. S. 1943, have no applicability to a transfer pursuant to section 79-402, R. R. S. 1943. Section 79-801.02 is specifically limited to the provisions of section 79-801. An examination of that section, as well as its legislative history, indicates the only type of merger specifically mentioned in the section is a merger by adding territory to a Class III school district as a result of annexation of land by a city. While School District No. 17 is a Class III school, we do not have merger by annexation in the present case.

Apparently the trial court accepted taxpayers' argument that the language "including such adjacent territory as now or hereafter may be attached for school purposes" contemplates section 79-402 boundary changes as being mergers under section 79-801, and subject to section 79-801.02. We disagree. If that construction was the intention, the language should have so specified. The quoted language merely clarifies the territory to be considered when determining the population of the district, and, as such, modifies the immediately preceding phrases. Without going into detail, suffice it to say there are other methods than those contemplated by sections

79-402 and 79-801 by which land may be added to a Class III school district. See §§ 79-403, 79-407, 79-426.02, and 79-426.18, R. R. S. 1943.

Boundary changes of School District No. 11 and School District No. 17 took place by petition under section 79-402, R. R. S. 1943. A copy of the decree of the District Court is made a part of the petition on appeal. So far as material herein, it reads: "2. That the petition of electors of School District No. 11 of Boone County, Nebraska, is sufficient to effect a transfer of said school district to School District No. 17 of Boone County, Nebraska. That all the requirements under Section 79-402 for a merger of school districts have been complied with."

Section 79-402, R. R. S. 1943, provides, so far as material herein: "The county superintendent shall, within fifteen days, advertise and hold a hearing to determine the validity and sufficiency of the petitions. *Upon determination*, as a result of the hearing, that sufficient valid signatures are contained in the respective petitions, the county superintendent shall proceed to effect the changes in district boundary lines as set forth in the petition; * * *." (Emphasis added.)

Section 79-402, R. R. S. 1943, provides the boundaries are to be changed upon determination by the county superintendent. This determination was made June 15, 1971. The District Court on appeal affirmed this determination in a decree signed July 6, 1973. The record would indicate taxpayers approved the entry of the decree. In any event, no appeal was taken and the decree is final. The only question presented is its effective date for the 1973-74 school year tax levy. The change was effective at least when the District Judge affirmed the determination of the county superintendent on July 6, 1973. The tax levy was made August 29, 1973, almost 2 months subsequent to the affirmance of the determination of the county superintendent. The tax levy was effective for the 1973-74 school year.

From the result we reach, there is no need to consider taxpayers' arguments on the tax levy. Even if we had not reached the conclusion that taxpayers' original premise was wrong, we would find taxpayers had not carried their burden of proof on the levy issue. The burden of proof is upon the taxpayer to show that a school levy was, in fact, excessive. Mann v. Wayne County Board of Equalization (1971), 186 Neb. 752, 186 N. W. 2d 729.

We find for The Boone County Board of Equalization and The School District of the City of St. Edward on their cross-appeal. The judgment of the District Court is reversed. The cause is remanded with directions to reinstate the tax levy made by the board of equalization on August 29, 1973, to dismiss taxpayers' petition, and to tax all costs to taxpayers.

REVERSED AND REMANDED WITH DIRECTIONS.